UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| PAULA CRANE, LINDA BREWSTER, On behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | 1:05-cv-1883-JDT-TAB |
| RESIDENTIAL CRF, INC. and CRF FIRST CHOICE, INC., | ) ) ) | |
| Defendant. | ) | |

**Entry on Defendants' Motion for Partial Summary Judgment (Doc. No. 142)[1]**

Defendants filed a motion for partial summary judgment seeking a ruling that in the case of a collective action under the Fair Labor Standards Act (the "FLSA") and for a plaintiff not named in the complaint, the plaintiff's action is commenced, for statute of limitation purposes, on the date the plaintiff filed a consent to become a party.  The Defendants are absolutely correct:  this result is provided by 29 U.S.C. § 256.  That section provides:

> In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], the Walsh-Healey Act [41 U.S.C.A. § 35 et seq.], or the Bacon-Davis Act [40 U.S.C.A. § 276a et seq.], shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor

---

[1]  This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant–

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

> (b) if such written consent was not so filed or if his name did not so appear -- on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

This court's Entry on Motion for Distribution of Notice of Collective Action Under the Fair Labor Standards Act of December 22, 2006 (Doc. No. 66), ordered that this action proceed as a FLSA collective action and that notice be sent to individuals employed by either Defendant as Direct Care Staff who worked a 24/7 shift "any time from December 20, 2002, until the present . . . ."  (Entry 15.)  This allowed notice to be sent to Direct Care Staff who worked up to three years before the date of filing of the Complaint, which was filed December 20, 2005.  The Defendants had argued that "the statute of limitations runs from the date an individual plaintiff files his consent with the Court to opt-into a collective action."  (Defs.' Br. Supp. Mot. Partial Summ. J. 33.)  The authority cited for support, however, did not state this rule.  In indicating that the action would accrue from the date of the filing of the complaint for potential opt-in plaintiffs, the court cited 29 U.S.C. § 255, but not § 256.

Section 256 clearly states that in the case of a FLSA collective action, an action is commenced for statute of limitations purposes for a plaintiff not named in the complaint, when that plaintiff files a consent to be a party.  Decisions of the federal

courts have applied this rule.  *See, e.g.*, *Redman v. U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998) (stating "[i]n the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action"); *Roe-Midgett v. CC Servs., Inc.*, 2006 WL 726252, at *2 (S.D. Ill. Mar. 16, 2006) ("for an individual not named in the complaint, his or her FLSA action is commenced on the date he or she consents to be a party plaintiff"); *Robinson-Smith v. Gov't Employees Ins.*, 424 F. Supp. 2d 117 (D.D.C. 2006) (indicating that "[f]or each plaintiff who opts in to the case after the filing of the complaint, the action is not considered commenced for purposes of the statute of limitations until the date on which the plaintiff's written consent is filed with the court").

Indeed, the Plaintiffs essentially agree that an opt-in plaintiff's FLSA action is commenced on the date the plaintiff consents to be a party.  (Pls.' Resp. 6 ("Generally, Defendants' statement that an opt-in plaintiffs' FLSA cause of action is commenced on the date the individual consents to be a party plaintiff under 29 U.S.C. § 256 is accurate.")).  The majority of the Plaintiffs' response argues that equitable tolling and equitable estoppel would apply.  However, the Defendants have been clear – their motion seeks a determination only of the applicable statute of limitations – they do not address equitable tolling.  (Defs.' Br. Supp. Mot. Partial Summ. J. 7 n.1.)  Even if the court were to address the applicability of those doctrines, the record now before it fails to show that summary judgment for either Plaintiffs or Defendants would be proper on these matters.  It seems likely that such a determination would need to be made on an individual basis.

The Plaintiffs' challenge to the constitutionality of summary judgment fails.  *See Calvi v. Knox County*, 470 F.3d 422, 427 (1st Cir. 2006) (stating that the contention that summary judgment violates the Seventh Amendment right to trial by jury is "hopeless"); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (indicating the appellant's argument that summary judgment violates the Seventh Amendment's right to jury trial is "patently meritless").  As the First Circuit stated, "[A] grant of summary judgment does not compromise the Seventh Amendment's jury trial right because that right exists only with respect to genuinely disputed issues of material fact."  *Calvi*, 470 F.3d at 427.

Accordingly, the Defendants' Motion for Partial Summary Judgment (Doc. No. 142) is **GRANTED**.  For each plaintiff not named in the complaint, the plaintiff's FLSA action is commenced for purposes of the statute of limitations on the date the plaintiff filed a consent to become a party.  This ruling makes no determination as to whether any plaintiff is entitled to equitable tolling or estoppel of the limitations period.

The court believes that this ruling may further the resolution of this action by way of dismissal of claims of opt-in plaintiffs who filed their consents outside the maximum three year limitations period, may further the efficient resolution of this action by focusing the parties on the relevant time periods for purposes of discovery and estimating any damages, and may further any prospect at a settlement.

ALL OF WHICH IS ENTERED this 8th day of November 2007.

_____

John Daniel Tinder, Judge
United States District Court

4

Copies to:

Magistrate Judge Tim A. Baker

Amy Ficklin DeBrota
THE DEBROTA LAW FIRM LLC
amy@debrotalaw.com

Kevin Joseph Gfell
HALL RENDER KILLIAN HEATH & LYMAN
kgfell@hallrender.com

John Patrick Ryan
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Kathleen M. Sweeney
kathleen@sweeneyslaw.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com